# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDRAS SZANTHO, as the personal
representative of the ESTATE OF
MICHEAL CAMPBELL, deceased and
BRENDA CAMPBELL
     Plaintiffs,

v.                               No.

TRISTATE CAREFLIGHT, LLC, and
MARLA HARDY,
     Defendants.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

COME NOW, Defendants TriState Care Flight, LLC ("TriState") and Marla Hardy, by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Robert C. Conklin & Matthew T. Tucker), and respectfully petition the Court, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, for removal of this action from the First Judicial District Court, County of Santa Fe, State of New Mexico to the United States District Court for the District of New Mexico ("Notice of Removal"), on the following grounds:

1.      TriState and Ms. Hardy are defendants in a civil action pending in the First Judicial District Court, County of Santa Fe, State of New Mexico, styled *Andras Szantho, as the personal representative of the Estate of Micheal Campbell, deceased and Brenda Campbell v. Tristate Careflight, LLC, a Limited Liability Company, and Marla Hardy*, Cause No. D-101-CV-2014-02456.  A true and correct copy of the state court's docket, including all process and pleadings served upon Defendants in the state court action, is filed with this notice as required by

28 U.S.C. §1446(a) and Local Rule 81.1(a). *See* Exhibit "A" hereto, copy of online docket sheet; *see also* Exhibits "B" to "I," comprising all process and pleadings served on Defendants.

2.    This action commenced on November 19, 2014.  *See* Exhibit "B," Complaint for Wrongful Death and Loss of Consortium ("Complaint").  Marla Hardy first received service of process on November 29, 2014. TriState first received service of process on December 11, 2014 through the New Mexico Secretary of State.  Therefore, this notice of removal is timely filed under 28 U.S.C. §1446(b), within thirty (30) days of receipt of the summons and the initial pleading setting forth the claim for relief.  The undersigned counsel represents both defendants, and both defendants have consented to removal.

3.    The United States District Court for the District of New Mexico has original jurisdiction over this action based upon complete diversity of citizenship between the parties, in that Defendant TriState is now, and was at the time the action commenced, diverse in citizenship from plaintiffs.  Defendant TriState is not, and was not at the time the suit was commenced, a citizen of the State of New Mexico, but is instead a foreign limited liability company doing business in New Mexico. *See* Exhibit "J" hereto, Affidavit of John Cole, ¶2.  It is clear from public records that TriState is an Arizona limited liability company and is presently domiciled in Arizona and was domiciled there when the action was commenced.  Exhibit "J"; Exhibit "J-1," printout from the Arizona Corporations Commission website.  TriState was at the time, and is now, a citizen of the State of Arizona.  Plaintiffs Andras Szantho and Brenda Campbell reside, respectively, in Santa Fe County and Eddy County, New Mexico. Both Plaintiffs were at that time, and are now, citizens of the State of New Mexico.

4.    Defendant Hardy's joinder in this action is a sham joinder intended to defeat federal jurisdiction. In determining whether a case is properly removed based on diversity, "a

federal court <u>must disregard nominal or formal parties</u> and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Brazell v. Waite</u>, 525 F. App'x 878, 881 (10th Cir. 2013) (emphasis added), *quoting* <u>Lenon v. St. Paul Mercury Ins. Co.</u>, 136 F.3d 1365, 1369 (10th Cir.1998) (internal quotation marks omitted); 28 U.S.C. §1359.  Joinder is improper when the plaintiff states a cause of action against a defendant, but in fact no cause of action exists.  <u>Smoot v. Chicago, R.I. & P. R. Co.</u>, 378 F.2d 879, 882 (10th Cir. 1967).  Plaintiffs have not stated a cause of action against Hardy "as a real or substantial party to the controversy," so Hardy's citizenship cannot be considered for diversity purposes.  <u>Brazell</u>, 525 F. App'x at 881.

5.     In determining whether the joinder of Defendant Hardy was a sham joinder designed to prevent removal, the Court "may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." <u>Smoot v. Chicago, R.I. & P. R. Co.</u>, 378 F.2d 879, 882.  The Court may use a summary judgment-like procedure and consider affidavits and other evidence outside the pleadings.  *See, e.g.,* <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1068 (9th Cir. 2011) ("[F]raudulent joinder claims may be resolved by [. . .] consider[ation of] summary judgment-type evidence such as affidavits and deposition testimony.") (*quoting* <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 263 (5th Cir. 1995)); <u>Hart v. Bayer Group</u>, 199 F.3d 239, 246-47 (5th Cir. 2000); <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998). The affidavits of John Cole, TriState's Chief Operating Officer and of Marla Hardy are attached hereto as Exhibits "J" and "K," respectively.

6.     The Complaint's allegations against Marla Hardy are contained in ¶¶17 and 18. The Complaint alleges that a "reasonable person in Marla Hardy's position as base manager" had "an obligation to have adequate supplies to provide necessary therapy to patients."  Complaint at ¶17. However, the Complaint is mistaken about Ms. Hardy's position.  Ms. Hardy was not a base

manager. Ms. Hardy was employed by TriState as a clinical services manager for northern and southeastern New Mexico, encompassing six bases.   Exhibit "J"; Exhibit "K." The base managers reported to Ms. Hardy. Id. Ms. Hardy's responsibilities did not include monitoring or maintaining medical supplies. Id.  After each transport, the flight crews entered the supplies used into a computer inventory program. The program was monitored, and new supplies were shipped when needed, by the Tristate corporate office in Bullhead City, Arizona.

7.     The Complaint alleges further that "a reasonable person in the position held by Ms. Hardy has an obligation to ensure that policies and procedures are in place and are implemented in such a way that basic patient needs are met in every transport situation.  This obligation also includes maintaining adequate supplies, adequate training, and adequate staffing." Complaint, ¶18. Again, Plaintiff is mistaken about Ms. Hardy's position. Exhibit "J"; Exhibit "K."  Ms. Hardy did not make, and had no authority to make, company policies or procedures.  Id.  TriState policies and procedures were determined by the corporate office in Bullhead City, Arizona.  Exhibit "J." Ms. Hardy's duties did not include training any TriState employees, including specifically the employees involved in the care of the decedent.  Exhibit "J"; Exhibit "K." Instead, the employees involved in Mr. Campbell's care were trained by and received orientation at the TriState corporate office in Bullhead City, Arizona. Exhibit "J." Ms. Hardy did not hire the clinical service providers involved in Mr. Campbell's care; in fact, one of the providers was an existing TriState employee prior to the beginning of Ms. Hardy's employment with TriState, and Ms. Hardy received her orientation as a new Tristate employee at the same time as the other provider. Exhibit "J"; Exhibit "K."  Ms. Hardy was not the administrator on call when TriState responded to the request for service involving Mr. Campbell and did not have a role in responding to the service request. Id.  Ms. Hardy had no contact with

the flight crew that provided care to Mr. Campbell on the date in question. Plaintiffs have not stated a cause of action against Hardy "as a real or substantial party to the controversy." Brazell, 525 F. App'x at 881.

8.      In addition, the factual allegations of the Complaint do not present any issue with respect to the *respondeat superior* liability of TriState that might necessitate joinder of an individual employee as a defendant. *See* Complaint, ¶¶12-16. That is, on the facts as alleged by Plaintiffs, the flight crew employees involved in Mr. Campbell's care were acting within the course and scope of employment. *See, e.g.,* Lessard v. Coronado Paint & Decorating Ctr., Inc., 2007-NMCA-122, 142 N.M. 583, 588, 168 P.3d 155, 160 (discussing New Mexico's "four-point test to determine whether an employee's acts were performed within the scope of employment.").

9.      Marla Hardy is not a required party under Fed. R. Civ. P. 19. The Court can accord complete relief between Plaintiffs and TriState in her absence. In addition, Ms. Hardy does not claim an interest in the action, and as noted above Ms. Hardy consents in the removal. *See* Exhibit "K."

10.     The Complaint seeks unspecified monetary damages, including compensatory and punitive damages. Under New Mexico law, a complaint shall not contain an allegation for damages in any specific monetary amount, unless it is a necessary allegation of the complaint. Rule 1-010 (B) NMRA. Where state court rules provide that the amount of damages not be included in the complaint, the court must examine the facts existing at the time of the removal and determine whether those facts prove "to a reasonable probability"—i.e., that it is more likely than not—that the jurisdictional amount is met. Hanna v. Miller, 163 F.Supp.2d 1302 (D.N.M. 2011), *citing* Chase Shop'N'Save Warehouse Foods, Inc., 1110 F.3d 424, 428 (7th Cir. 1997). In

making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings.  <u>Hannah</u>, 163 F.Supp.2d at 1306.

11.     Considering the nature of this action for alleged wrongful death of Mr. Campbell, and the damages sought by Plaintiffs, including compensatory and punitive damages, together with loss of consortium damages, it is evident that the damages sought by Plaintiff in this lawsuit exceed $75,000, exclusive of interest and costs.  See <u>Hanna</u>, 163 F.Supp.2d at 1306.  Therefore, because this action is wholly between citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has original jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1).

12.     Venue is proper in this district because Plaintiff's claims arise out of alleged acts or omissions that occurred in New Mexico, and the district embraces the place where there the state action is pending.

13.     Defendants, immediately upon filing this Notice of Removal, gave written notice of the filing as required by 28 U.S.C. § 1446(D) and filed a copy thereof with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, the Court from which this action is removed.

14.     Defendants reserve the right to supplement this Notice of Removal under 28 U.S.C. §1653.

15.     Pursuant to D.N.M. LR-CIV 81.1, a copy of records and proceedings from the state court will be filed separately with the Clerk.

16.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Defendants TriState and Marla Hardy respectfully request that the above-entitled action be removed from the First Judicial District Court, County of Santa Fe, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

*/s/ Matthew T. Tucker*
Robert C. Conklin
Matthew T. Tucker
320 Gold Ave SW Ste 800
Albuquerque NM 87102
Telephone: (505) 224-9160
rcc@conklinfirm.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of December 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lee R. Hunt
1640 OLD PECOS TRAIL, SUITE D
SANTA FE, NEW MEXICO 87505
(505) 954-4868
lee@leehuntlaw.com
*Attorney for Plaintiff*

*/s/ Matthew T. Tucker*
Matthew T. Tucker