IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDRAS SZANTHO, as personal representative of the
ESTATE OF MICHEAL CAMPBELL, and
Brenda Campbell, individually,

Plaintiffs,

v.                                                                 No. 1:14-CV-01156-SCY/KK

TRISTATE CAREFLIGHT, LLC, and
MARLA HARDY,

Defendants.

## PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT THEREOF

**I.  Factual/Procedural Background**

1.  This case arises from the death of 62 year-old Micheal Campbell on January 8, 2014 when a TriState CareFlight helicopter was transporting Mr. Campbell from Artesia to Albuquerque.  TriState was aware that Mr. Campbell was dependent on oxygen and had an order for a breathing device during the transport.  Despite the clear orders, TriState ran out of oxygen mid-flight and Mr. Campbell immediately went into cardiac and respiratory arrest and died.

2.  Plaintiffs filed their wrongful death complaint in New Mexico District Court for the First Judicial District on November 19, 2014. *See* Exhibit B attached to the Notice of Removal [Doc. 1].  The case was filed in state court because Marla Hardy is a New Mexico resident defendant in the case.

3.  Counsel for Defendant TriState and Hardy filed its Notice of Removal in this Court on December 29, 2014. Defendants' claimed basis for removal was fraudulent joinder of the New Mexico defendant, Marla Hardy. Defendants filed two affidavits which purportedly set forth the limited role of Marla Hardy as the Clinical Services Manager.  The Affidavits claim,

among other things, that Hardy "had no authority to make company policies or procedures" *See* Notice of Removal at Paragraphs 6 and 7 [Doc. 1].

4. In direct conflict with Defendants' sworn affidavits that the Clinical Services Manager has "no authority to make company policies", one month before submitting the affidavits, TriState posted a job listing for Hardy's Position - Clinical Services Manager for North and Southeastern New Mexico. TriState stated that the Clinical Services Manager was responsible for "assisting management team in development, implementation and enforcement of new and existing standards, guidelines and policy". TriState also represented that Hardy's position was responsible for "oversight of the clinical care provided by TSCF ensuring it consistently meets or exceeds standard of care." *See Ex 1 to Motion to Remand,* Clinical Services Manager for North and Southeastern New Mexico Position Summary, at *http://jobs.emsflightcrew.com/jobs/eagleairmed/flight-paramedic.*[1]

5. When not attempting to bolster diversity jurisdiction, TriState's representation of the responsibilities of Marla Hardy's position differs significantly from the representation in the affidavits and in the Notice of Removal. As set forth in the Complaint, and as supported by TriState's own description of Hardy's position, Plaintiffs have a viable claim against Defendant Hardy that more than meets the threshold at this early stage of the proceedings.

6. Due to the uncontroverted fact that Marla Hardy is a New Mexico resident and the clear claims against Defendant Hardy, complete diversity does not exist and this Court must remand the case to state court because of a lack of original jurisdiction.

---

[1] Attached as Ex. 2. is a job posting for the same position, posted on Jan. 21, 2013, at *http://www.flightweb.com/jobs/index.php?post_id=1940&show_emp=50*

**II.     Legal Standard – Presumption Against Removal Jurisdiction.**

7.     Federal removal jurisdiction is statutory in nature and must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) ("It is well established that the statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."). A party invoking federal jurisdiction has the burden of establishing its propriety. *See Montayo v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *State Farm Mut. Auto.Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). That burden, moreover, is a heavy one. *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir. 1982) (observing that "all doubts are to be resolved against removal"). The Courts will assume as true all allegations in the complaint, resolving all doubts in favor of remand. *Laughlin,* 50 F.3d at 873.

8.     Courts employ a presumption against removability. *Laughlin,* 50 F.3d at 873; *Fajen,* 683 F.2d at 333 (observing that "all doubts are to be resolved against removal"); *see also Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18, 71 S. Ct. 534, 95 L. Ed. 702 (1951) ("[T]he [removal] jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties.").

### III. Defendant TriState has failed in its "heavy burden" of proving improper joinder

9. The removing party bears the burden of establishing fraudulent joinder. *Greenshields v. Warren Petroleum Corp.*, 248 F. 2d 61 (10th Cir. 1957); *Martin v. Franklin Capital Corp.*, 251 F. 3d 1284, 1290 (10th Cir. 2001). The burden of showing fraudulent joinder is a particularly heavy one. *Montano v. Allstate Indemnity*, 211 F.3d 1278. (10th Cir 2002) ("the case law places a heavy burden on the party asserting fraudulent joinder."); *Hart v. Bayer Corp.*, 199 F. 3d 239, 246 (5th Cir. 2000); *Bd. of County Comrs of County of Mesa v. Atlantic Fidelity, Inc.*, 930 F. Supp. 499, 500 (D. Colo. 1996). "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F.Supp.2d 1145, 1146-47 (D.N.M.1999) (Baldock, J.) The removing party must demonstrate that there is *absolutely no possibility* that the plaintiff would be able to establish a viable cause of action against the joined party in state court. *Montano v. Allstate Indemnity*, 211 F.3d 1278. (10th Cir 2002).

10. In evaluating fraudulent joinder claims, the court must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. *Id*. The Court is then to determine whether that party has any possibility of recovery against the party whose joinder is questioned. *Id*.

4

11. In *Zufelt v. Isuzu Motors America, LLC,* Judge Browning addressed the proper standard in the Tenth Circuit to analyze a fraudulent joinder claim. Citing *Montano v AllState Indem. Co.,* No. 99-2225, 2000 U.S. App. LEXIS 6852, at *5 (10th Cir. April 14, 2000) an unpublished decision,[2] and looking to the development of the law, the Court explained that in the Tenth Circuit "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Id.at Zufelt,* 727 F.Supp.2d 1117, 1128 (D.N.M. 2009).

12. If the defendant fails to establish with complete certainty upon *undisputed evidence* that no cause of action exists against the non-diverse defendant, then the Court must remand the case back to state court without ruling further in the matter. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 414 F.3d 1169, 1175 (10th Cir. 2005) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

13. Although in this case, Plaintiffs have pled viable causes of action against Defendant Hardy, the motive of plaintiff in joining defendants is immaterial, provided that the plaintiff asserts a good faith, cognizable cause of action against the resident defendant, upon a reasonable basis grounded in state law. *Town of Freedom, Okl. v. Muskogee Bridge Co., Inc.*, 466 F. Supp. 75 (W.D. Okla. 1978); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907, 1999 FED App. 0183P (6th Cir. 1999).

---

[2] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." United States District Judge James Browning in *Provencio v. Ford Motor Co.,* CIV-05-623 JB/ACT, stated that this unpublished decision meets both these criteria and the rules therefore allow citation to this unpublished decision in deciding the issue of fraudulent joinder. *See also Zufelt v. Isuzu Motors America, LCC, 727* F. Supp. 2d 1117 (D.N.M. 2009), *quoting Montano*.

IV.     **Defendant TriState has failed to prove there is "absolutely no possibility" that Plaintiffs may recover in state court against Defendant Hardy.**

14.     Marla Hardy acknowledges that at the time of Mr. Campbell's death she was the Clinical Services Manager for Northern and Southeastern New Mexico. See Exhibit K attached to the Notice of Removal [Doc. 1].

15.     The Complaint set forth numerous allegations that encompassed Hardy's conduct. In paragraph 17 of the Complaint, Plaintiffs allege that Hardy was liable due to her obligation to have adequate supplies for transporting patients. This obligation is based not on direct contact with the subject flight, rather it is based on her role as the Clinical Services Manager, including responsibility for "oversight of the clinical care provided by TSCF" (TriState CareFlight). The allegation is also based on her responsibility for oversight of the "Quality Management and Process Improvement program" *See Exhibit 1* attached to this Motion to Remand. *See also Complaint para. 17-18,* Ex. B attached to the Notice of Removal [Doc. 1].

16.     In paragraph 18, Plaintiffs allege that Hardy was negligent in failing to have adequate policies and procedures in place and failing to have policies "implemented in such a way that basic patient needs are met in every transport situation." *Id.* Once again, TriState's description of Hardy's position included this responsibility - "implementation and enforcement of new and existing standards, guidelines and policy." *See Exhibit 1* attached to this Motion to Remand. *See also Complaint para. 17-18.*

17.     The allegations in these paragraphs encompass far more than the task of checking supplies pre-flight and writing the policies. Although given the broad scope of Hardy's responsibilities, writing policies is well within the scope of her authority. Implementation of

6

policies is likely where the failures occurred. As in many instances, having a policy or procedure is important, but the implementation of the policy or procedure is far more difficult and, more often than not, the source of failures. Hardy was responsible for policy implementation.

18. Additionally, in paragraph 21 of the Complaint, Plaintiffs alleged that "Defendants were negligent in the care provided to Michael Campbell." *See Complaint para 21*. The negligence in the care provided to Micheal Campbell is far broader that the people involved in the actual transport. The obligation to make sure that the nurses and medics are able to provide reasonable care falls on the company and Clinical Services Manager with a job description that includes making sure TriState "consistently meets or exceeds standard of care." *Id.*

19. Plaintiffs ask that this Court give little or no weight to the affidavits attached to the Notice of Removal. The affidavits should not be considered for two reasons. First, the standards applied in the Tenth Circuit require that this Court resolve all disputes in favor of the non-removing party. *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000) (unpublished table decision). The fraudulent joinder standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id. at *5; accord Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

20. The application of this standard certainly does not comport with turning the Motion to Remand into a Summary Judgment type proceeding, especially when no discovery has taken place and when the information put forth to this Court is directly contradicted by TriState's own job description. Even in the cases cited by Defendants for the proposition that this Court

policies is likely where the failures occurred. As in many instances, having a policy or procedure is important, but the implementation of the policy or procedure is far more difficult and, more often than not, the source of failures. Hardy was responsible for policy implementation.

18. Additionally, in paragraph 21 of the Complaint, Plaintiffs alleged that "Defendants were negligent in the care provided to Michael Campbell." *See Complaint para 21*. The negligence in the care provided to Micheal Campbell is far broader that the people involved in the actual transport. The obligation to make sure that the nurses and medics are able to provide reasonable care falls on the company and Clinical Services Manager with a job description that includes making sure TriState "consistently meets or exceeds standard of care." *Id.*

19. Plaintiffs ask that this Court give little or no weight to the affidavits attached to the Notice of Removal. The affidavits should not be considered for two reasons. First, the standards applied in the Tenth Circuit require that this Court resolve all disputes in favor of the non-removing party. *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000) (unpublished table decision). The fraudulent joinder standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id. at *5; accord Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

20. The application of this standard certainly does not comport with turning the Motion to Remand into a Summary Judgment type proceeding, especially when no discovery has taken place and when the information put forth to this Court is directly contradicted by TriState's own job description. Even in the cases cited by Defendants for the proposition that this Court

can look beyond the pleadings, the court made clear that determining that no cause of action exists against a defendant "does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty. ." *See Smoot v. Chicago, Rock Island and Pacific Railroad Co.*, 378 F. 2d 879, 882 (10th Cir. 1967), *quoting McLeod v. Cities Service Goas Company,* 233 F.2d 242 (10th Cir. 1956).  Indeed the Tenth Circuit in the *Smoot* case quoted *McLeod's* holding that "In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal." *Id.*

21.     The main reason that this Court should give little or no weight to the affidavits is that they are inaccurate at best.  As set forth above, TriState's description of the Clinical Services Manager is dramatically different in published job descriptions than in the affidavits.

22.     On November 25, 2014, TriState listed a job opening for the Clinical Services Manager for North and Southeastern New Mexico –the description includes:

> Responsible for oversight of the clinical care provided by TSCF ensuring it consistently meets or exceeds standard of care. Involved in problem solving, quality management, clinical education, organizing, leading and communicating same to staff; assisting management team in development, implementation and enforcement of new and existing standards, guidelines and policy. Responsible for oversight of Quality Management and Process Improvement program to ensure TSCF meets its organizational goals and objectives.
> *See Ex. 1.*

23.     TriState also made clear that the Clinical Services Manager, i.e. Defendant Hardy, was responsible for "oversight of the clinical care provided by TSCF ensuring it consistently meets or exceeds standard of care" and should "uphold and maintain the TSCF safety culture". The allegations against Defendant Hardy in the complaint squarely fit within the job description

that TriState provided and clearly demonstrate that the extreme negligence in running out of oxygen mid-flight with an oxygen dependent patient, was in part a failure on the part of Marla Hardy.

24. TriState should not be permitted to remove a case to federal court by providing the Court with sworn affidavits that stand in stark contrast to its own descriptions of the same position elsewhere.

25. When there is a clear dispute about Marla Hardy's role and when there appears to be strong evidence that her position was in fact responsible for many of the areas in which Plaintiffs' claim complete failure, then Defendants have failed to meet their burden that it is "impossible" for Plaintiffs to demonstrate that Hardy was negligent and to ultimately recover against her.

26. The fact that TriState may be responsible for Hardy's conduct has no bearing on whether she is an appropriate defendant. NMSA 1978, Section 41-3A-1 is the Several Liability Act for New Mexico. It abolished joint and several liability except in certain circumstances. One of the areas where joint and several liability applies is "any persons whose relationship to each other would make one person vicariously liable for the acts of the other" *Id 41-3A-1 (C)(3)*. This applies to employees conduct. The key component is that the liability is joint and several, i.e. Marla Hardy remains liable for her own negligent conduct.

27. Permissive joinder of defendants in New Mexico state court is governed by N.M.R.A, Rule 1-020A, which reads in part: "All persons may be joined in one action as defendant if there is asserted against them jointly, severally or in the alternative, any right to relief". Plaintiffs allege that Defendant Hardy owed and breached independent duties to Plaintiffs. Whether TriState, as Hardy's employer, is vicariously liable for Hardy's actions does

not negate the fact that a viable claim is asserted against Hardy. The party bringing the claim has the right to choose whether to bring suit against the employee individually, or solely against the employer.

28. Plaintiffs have alleged valid and actionable theories of negligence against Defendant Hardy. Plaintiffs have further brought forth information that stands in stark contrast to the affidavits upon which Defendants rely in the Notice of Removal. Based on the information in the record, Defendants have failed to demonstrate with *undisputed evidence* that no cause of action exists against Marla Hardy.

WHEREFORE Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Remand and remand this case to State Court for further proceedings. Additionally, this Court should grant attorney fees and costs for the Removal and the costs incurred in having the case remanded to state court.

Respectfully submitted,

By: __/s/ *Lee R. Hunt*_____
Lee R. Hunt
1640 Old Pecos Trail, Ste. D
Santa Fe, New Mexico 87505
P: (505) 954-4868
F: (505) 819-0022
lee@leehuntlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of January, 2015, I filed the foregoing Motion to Remand electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Lee R. Hunt
Lee R. Hunt